UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE PENBROTHERS INTERNATIONAL INC., et al.,<br><br>Defendants. | Case No. 19-cv-02700-SVK<br><br>**ORDER ON SPECIALLY APPEARING DEFENDANT THE PENBROTHERS INTERNATIONAL INC.'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

Plaintiff Power Integrations, Inc. ("PI") claims that several of its former employees were recruited by Defendant The Penbrothers International Inc. ("Penbrothers") to work for Silanna Semiconductor North America, Inc. ("Silanna"), a competitor of PI.[1] PI is headquartered in San Jose, California. Silanna is headquartered in San Diego, California. Defendant Penbrothers is located in the Philippines. Defendants Edison D. De Lara, Charles Reyes Evangelista, Ian Barrameda, and Alex F. Mariano (collectively, the "Individual Defendants") are all citizens of the Philippines who formerly worked for PI in the Philippines and now work for Silanna.[2]

Now before the Court is Penbrothers' motion to dismiss the First Amended Complaint ("FAC"). Dkt. 26. The parties have consented to the jurisdiction of a magistrate judge. Dkt. 10, 25, 28. The Court held a hearing on October 29, 2019. Based on review of the parties' submissions, arguments at the hearing, the case file, and applicable law, the Court hereby GRANTS Penbrothers' motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. Because the Court finds it does not have personal jurisdiction over Penbrothers, it does not reach

---

[1] Silanna was originally named as a Defendant in this action, but PI voluntarily dismissed it. Dkt. 18.

[2] The Court ruled Individual Defendants' motion to dismiss (Dkt. 30) in a separate order. *See* Dkt. 48.

Penbrothers' alternative arguments that the case should be dismissed under Rule 12(b)(3) for improper venue and under Rule 12(b)(6) for failure to state a claim.

**I.    BACKGROUND**

PI and Silanna compete in the market for power conversion technology. Dkt. 12 (FAC) ¶¶ 14, 15. The Individual Defendants each worked for PI until 2018 or 2019. *Id.* ¶ 18 (alleging that De Lara was employed by PI from approximately March 22, 2016 through May 11, 2019); ¶ 27 (alleging that Evangelista was employed by PI from approximately September 19, 2017 through May 16, 2019); ¶ 41 (alleging that Barrameda was employed by PI from approximately April 7, 2015 through March 2, 2019); ¶ 50 (alleging that Mariano was employed by PI from approximately October 1, 2008 through January 27, 2018). According to PI, the Individual Defendants' employment contracts with PI contained confidentiality, non-compete, and non-solicitation provisions. *Id.* ¶¶ 19-21; 28-30; 42-44; 51.

Individual Defendants De Lara, Evangelista, and Barrameda are all citizens of the Philippines, worked for PI in the Philippines, and resided in the Philippines throughout their employment with PI. Dkt. 30-2 (De Lara Decl.) ¶¶ 2, 4; Dkt. 30-3 (Evangelista Decl.) ¶¶ 2, 4; Dkt. 30-5 (Barrameda Decl.) ¶ 2. Individual Defendant Mariano was engaged to provide services for PI in the Southeast Asia region, but he states that he is also a citizen of the Philippines who resided there throughout his employment with PI. Dkt. 30-6 (Mariano Decl.) ¶¶ 2, 3.

Plaintiff alleges on information and belief that Silanna, either directly or in conspiracy with Penbrothers, intentionally targeted, approached, recruited, or attempted to recruit PI's current or recently separated key engineering employees who had knowledge and information about PI's trade secrets. Dkt. 12 (FAC) ¶ 57. Penbrothers describes itself as "a co-working space, back-office processing provider" located in the Philippines. Dkt. 26-2 (Reyes Decl.) ¶ 2. It appears that Penbrothers is also a recruiter. *See* Dkt 26-3 (Ex. 1 to Reyes Decl.) at 3 (signature block describing Penbrothers employee as "Recruitment Specialist"); *see also* Dkt. 12 (FAC) ¶ 16 (alleging on information and belief that Penbrothers is a "staffing and office solution provider"). According to Penbrothers, in April 2019, it sent offer letters to Individual Defendants De Lara and Evangelista, but it withdrew the offers after receiving a cease and desist letter from PI's lawyers. Dkt. 26-2 (Reyes Decl.) ¶¶ 4-5. The job offers refer to Silanna but state that De Lara and Evangelista will be employed in the Philippines. Dkt. 26-3 (Ex. 1 to Reyes Decl.) at 2, 8 (offer to

2

De Lara); Dkt. 26-3 (Ex. 2 to Reyes Decl.) at 15, 22 (offer to Evangelista). Penbrothers states that none of the Individual Defendants ever began work for or through Penbrothers. Dkt. 26-2 (Reyes Decl.) ¶ 5.

In connection with their motion to dismiss, the Individual Defendants submitted declarations stating that they are now employed by Silanna and claiming they have never worked for or through Penbrothers. Dkt. 30-2 (De Lara Decl.) ¶ 4; Dkt. 30-3 (Evangelista Decl.) ¶¶ 4-5; Dkt. 30-5 (Barrameda Decl.) ¶ 3; Dkt. 30-6 (Mariano Decl.) ¶¶ 4-5. De Lara and Mariano state that they are "employed with Silanna Semiconductor North America, Inc., in San Diego, California." Dkt. 30-2 ¶ 5; Dkt. 30-6 ¶5. Evangelista and Barrameda state that they work for "Silanna in San Diego." Dkt. 30-3 ¶ 4; Dkt. 30-5 ¶ 3.

## II. DISCUSSION

Penbrothers moves to dismiss the FAC for lack of personal jurisdiction under Rule 12(b)(2), improper venue under Rule 12(b)(3), and failure to state a claim under Rule 12(b)(6). As discussed below, the Court concludes that it does not have personal jurisdiction over Penbrothers and therefore does not reach Penbrothers' other arguments for dismissal.

### A. Personal Jurisdiction

#### 1. Legal Standard

A party may challenge the Court's personal jurisdiction over it by bringing a motion under Federal Rule of Civil Procedure 12(b)(2).[3] A Rule 12(b)(2) motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).

When a defendant raises a challenge to personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). The plaintiff may meet this burden by submitting evidence such as affidavits and discovery materials. *Id.* Where the defendant's motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (internal quotation marks and citation omitted). Although "the plaintiff cannot simply rest on the bare allegations of its complaint," in evaluating the

---

[3] "Under federal practice a special appearance need not be filed in order to challenge jurisdiction." *Hays v. United Fireworks Mfg. Co.*, 420 F.2d 836, 844 n.10 (9th Cir. 1969).

plaintiff's showing, the court must accept uncontroverted allegations in the complaint as true and resolve factual disputes created by conflicting affidavits in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotation marks and citation omitted).

Where no applicable federal statute governs personal jurisdiction, "the law of the state in which the district court sits applies." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). California's long arm statute, which applies in this case, "allows courts to exercise personal jurisdiction to the extent permitted by the Due Process Clause of the United States Constitution" and thus the defendant must have certain "minimum contacts" with the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Ranza*, 793 F. 3d at 1068 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted)).

A federal district court may exercise either general or specific personal jurisdiction over a defendant. *Daimler AG v. Bauman*, 571 U.S. 117, 127-28 (2014). General jurisdiction exists when the defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* at 139 (internal quotation marks and citation omitted). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id.* at 137 (internal quotation marks, citation, and alteration omitted). In contrast, specific jurisdiction exists when the defendant has more limited contact with the forum state, but the plaintiff's claims arise out of or relate to those contacts. *Id.* at 128.

The Ninth Circuit has established a three-prong test for whether a court can exercise specific personal jurisdiction: (1) the defendant must have "either purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California," thereby "invoking the benefits and protections of its laws"; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable, *i.e.,* it must comport with fair plan and substantial justice. *Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden on the first two prongs, and if it fails to satisfy either one "personal jurisdiction is not established in the forum state." *Id.* "If the plaintiff succeeds in establishing both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (internal quotation

4

marks and citation omitted).

## 2. Analysis

Penbrothers argues that PI cannot establish that it is subject to either general or specific jurisdiction in California. Dkt. 26-1 at 6-7. PI does not assert that the Court has general jurisdiction over Penbrothers. Dkt. 33 at 5 n.1. Instead, PI argues that the Court has specific jurisdiction over Penbrothers. *Id.* at 5. PI has not submitted affidavits concerning Penbrothers' contacts with California but instead relies on the allegations of the FAC. *Id.* at 5-7. Accordingly, the Court must determine whether PI has made a prima facie showing that California has specific jurisdiction over Penbrothers under the legal standards discussed above.

On the first prong of the specific jurisdiction analysis, which considers whether Penbrothers purposefully availed itself of or purposefully directed its activities towards California, PI argues that "Penbrothers purposefully directed its activities at residents of this state by entering into an agreement and conspiring with Silanna, a California-based company, to raid the employees of Power Integrations, also a California-based company." Dkt. 33 at 5 (citing FAC ¶¶ 1, 2, 57, 59, 61, 95). According to PI, this conduct by Penbrothers "caus[ed] Power Integrations to lose its key engineering employees to, and subjecting Power Integrations' trade secrets to misappropriation by, a competitor. *Id.* In making this argument, PI cites the "effects test" articulated by the Supreme Court in *Calder v. Jones,* under which personal jurisdiction may attach if a defendant committed an intentional action expressly aimed at the forum state, knowing that the brunt of the expected injury would be felt by the plaintiff in the forum state. 465 U.S. 783, 789-90 (1984).

Penbrothers argues that it has not done any business or engaged in any California-related activities. Dkt. 26-1 at 7-8; Dkt. 26-2 (Reyes Decl.) at ¶¶ 2-11. Penbrothers characterizes PI's claim as an allegation that "Silanna entered into an agreement with Penbrothers in the Philippines to recruit and hire PI's Philippine-based engineers to work for Silanna." Dkt. 37 at 2 (citing FAC ¶¶ 56-61). Penbrothers argues that PI's jurisdictional argument conflicts with the principles recently set forth by the Supreme Court in *Walden v. Fiore*, in which the Court emphasized that "[i]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." 571 U.S. 277, 283 (2014). According to Penbrothers, specific jurisdiction over it cannot be premised on the mere fact that it might have foreseen an effect on PI in California. *See* Dkt. 37 at 5-8.

5

The parties have presented *Calder* and *Walden* as being in tension. However, one court in this district has reconciled those cases. *See Way.com, Inc. v. Singh*, No. 3:18-cv-04819-WHO, 2018 WL 6704464, at *7-8 (N.D. Cal. Dec. 20, 2018). As explained in *Way.com*, in *Calder* the Supreme Court held there was specific jurisdiction in California over an out-of-state reporter and editor because the effects of their actions in Florida were felt in California, where the subject of the allegedly libelous story lived and worked. *Id.* at *8 (citing *Calder*, 465 U.S. at 788-89). By contrast, in *Walden*, the Supreme Court concluded that a search of a Nevada resident in a Georgia airport did not give rise to personal jurisdiction over the defendant in Nevada because the jurisdictional analysis required the court to inquire about whether the defendant's actions connected him to *the forum*, not merely to *residents of the forum*. *Way.com*, 2018 WL 6704464, at *8 (citing *Walden*, 571 U.S. at 285, 289) (emphasis added). As the court in *Way.com* explained, "[b]y contrast with *Calder*, where the forum state was the focal point of the defendants' activities, in *Walden* the defendant 'never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to Nevada.'" *Way.com,* 2018 WL 6704464, at *8.

Accepting uncontroverted allegations in the FAC as true, PI has not made a prima facie showing that Penbrothers purposefully directed its activities toward California. The FAC is silent as to where most of the activities that give rise to this case occurred. The claims in this case arise from the fact that Individual Defendants, who previously worked for PI, were recruited to and now work for Silanna, a competitor of PI. PI hired the Individual Defendants to work in the Philippines, and they were recruited by Penbrothers and/or Silanna while living in the Philippines. None of the Individual Defendants were targeted, recruited, or hired in California. The FAC contains allegations about Penbrothers acting in concert with Silanna, but it is noticeably silent as to where those activities occurred. In other words, there are no allegations that Penbrothers knew that the effect of recruiting the PI engineers in the Philippines would be felt in California. To the extent there is evidence before the Court regarding the recruiting activities, it demonstrates that they took place in the Philippines. *See generally* Dkt. 26-2 (Reyes Decl.). There is simply no evidence of contacts between Penbrothers itself and California.

The Supreme Court has made clear that relationship between the defendant and the forum state must arise out of contacts that the "defendant *himself*" created. *Walden,* 571 U.S. at 284 (emphasis in original). "[T]he plaintiff cannot be the only link between the defendant and the

6

forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum state that is the basis for its jurisdiction over him." *Id.* at 285. Here, PI has failed to make a prima facie case of specific personal jurisdiction because it has not shown contacts between Penbrothers and California.

### 3. Conclusion on Personal Jurisdiction

Because PI has failed to establish that Penbrothers purposely availed itself of or directed its activities to California, it has not shown that the first prong of the Ninth Circuit's test for specific personal jurisdiction is satisfied, and therefore the Court need not reach the second and third prongs. For the reasons discussed above, Penbrothers' motion to dismiss the case for lack of personal jurisdiction is GRANTED.

At the hearing, PI argued that it should be given the opportunity to conduct jurisdictional discovery if the Court was inclined to rule against it, arguing that it is not believable that Penbrothers could have recruited the Individual Defendants without some contacts with Silanna in California. The Court has "broad discretion" to permit or deny discovery to aid in determining whether it has personal jurisdiction. *Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, No. 13-CV-01180-BLF, 2015 WL 4755335, at *11 (N.D. Cal. Aug. 11, 2015) (citations omitted). Denial of discovery is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction, or when the request for discovery is based on little more than a hunch that it might yield facts relevant to jurisdiction. *Id.; see also Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (holding that district court did not abuse its discretion by denying jurisdictional discovery into whether defendant automobile dealership conducted additional sales in California because the request for discovery "was based on little more than a hunch that it might yield jurisdictionally relevant facts").

PI's argument in favor of jurisdictional discovery is little more than a hunch that some of Penbrothers' communications with Silanna may have been sent to or from California; even if this is true, it would not provide a sufficient basis for jurisdiction. "[O]rdinarily use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protections of the forum state." *Hudnall v. Payne*, No. 13-cv-04728-WHO, 2014 WL 524079, at *3 (N.D. Cal. Feb. 6, 2014) (quoting *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)). Accordingly, PI's request for jurisdictional discovery is denied, and

the dismissal of the FAC as to Penbrothers is WITHOUT LEAVE TO AMEND. *See Gordon v. APM Terminals N. Am., Inc.*, No. 17-CV-03970-MEJ, 2017 WL 3838092, at *7 (N.D. Cal. Sept. 1, 2017) (granting motion to dismiss pursuant to Rule 12(b)(2) without leave to amend where "nothing in the record indicates Plaintiff might be able to allege or prove additional facts establishing personal jurisdiction over [defendant] that he was unable to allege in the Complaint or identify in his Opposition").

### B. Other Grounds for Motion to Dismiss

Personal jurisdiction is a "threshold question" that must be decided before the court can make merits determinations. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 433 (2007); *see also Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979) (question of personal jurisdiction is typically decided in advance of venue). Because the Court concludes that it does not have personal jurisdiction over Penbrothers, it does not reach Penbrothers' venue challenge and its argument that PI has failed to state a claim.

## III. CONCLUSION

For the reasons discussed above, the Court GRANTS Penbrothers' Rule 12(b)(2) motion and the FAC is DISMISSED WITHOUT LEAVE TO AMEND as to Penbrothers for lack of personal jurisdiction.

**SO ORDERED.**

Dated: November 18, 2019

SUSAN VAN KEULEN
United States Magistrate Judge