UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC., <br> Plaintiff, <br> v. <br> EDISON D. DE LARA, et al., <br> Defendants. | Case No. 19-cv-02700-SVK <br><br> **ORDER DENYING PLAINTIFF POWER INTEGRATIONS, INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. No. 50 |

Before the Court is the motion of Plaintiff Power Integrations, Inc. ("Plaintiff" or "PI") for leave to file a motion for reconsideration. Dkt. 50 ("motion for leave"). PI seeks leave to file a motion for reconsideration of this Court's November 18, 2018 order granting Defendant The Penbrothers International Inc.'s motion to dismiss for lack of personal jurisdiction. *See* Dkt. 49 ("dismissal order").

Pursuant to Civil Local Rule 7-9(a), a party may file a motion for reconsideration of any interlocutory order only upon obtaining leave of the Court. A party seeking reconsideration must show, *inter alia*, (1) "[t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b). A motion for leave to file a motion for reconsideration may not "repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civ. L.R. 7-9(c).

In its motion for leave, PI argues that (1) the Court relied on *Hudnall v. Payne*, No. 13-cv-04728-WHO, 2014 WL 524079, 2014 U.S. Dist. LEXIS 15016 (N.D. Cal. Feb. 6, 2014) "[a]s the basis for denying Power Integrations' requests for jurisdictional discovery and leave to amend," but Power Integrations did not have a chance to address that case because it was not raised until the rebuttal portion of Penbrothers' oral argument at the October 29, 2019 hearing on Penbrothers' motion to dismiss; and (2) the Court's dismissal order did not take into account allegations in the First Amended Complaint about the alleged conspiracy between Penbrothers and Silanna to secretly raid the engineers of PI to work for Silanna in California, which give rise to a "strong inference" that Penbrothers knew that the effect of the alleged raid was directed to and would be felt in California. Dkt. 50 (motion for leave) at 2-3.

PI's arguments do not meet the standard required before leave to file a motion for reconsideration may be granted. PI's argument regarding *Hudnall* mischaracterizes the Court's dismissal order and the record in this case. Contrary to PI's argument, the Court did not rely on *Hudnall* as "*the* basis for denying Power Integrations' requests for jurisdictional discovery and leave to amend." Dkt. 50 at 1 (citing Dkt. 49 (dismissal order) at 7) (emphasis added). Read in full, the relevant portion in the dismissal order states:

> PI's argument in favor of jurisdictional discovery is little more than a hunch that some of Penbrothers' communications with Silanna may have been sent to or from California; even if this is true, it would not provide a sufficient basis for jurisdiction. "[O]rdinarily use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protections of the forum state." *Hudnall v. Payne*, No. 13-cv-04728-WHO, 2014WL 524079, at *3 (N.D. Cal. Feb. 6, 2014) (quoting *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)). Accordingly, PI's request for jurisdictional discovery is denied, and the dismissal of the FAC as to Penbrothers is WITHOUT LEAVE TO AMEND.

Dkt. 49 (dismissal order) at 7-8 (citation omitted). As thus explained in the order, the Court's denial of discovery was based first and foremost on the fact that PI had offered only a "hunch" that discovery would lead to evidence of mail or other contacts between Penbrothers and Silanna in California. *See id.* at 7 ("At the hearing, PI argued that it should be given the opportunity to conduct jurisdictional discovery if the Court was inclined to rule against it, arguing that it is not
2

believable that Penbrothers could have recruited the Individual Defendants without some contacts with Silanna in California"); *see also* Dkt. 45 (transcript of Oct. 30, 2019 hearing) at 19:22-20:3 ("It's just not believable that Penbrothers would be able to find those employees and target them and set up these offer letters and offer employment, essentially, by Silanna, even though under the guise of Penbrothers without any communication, without any contact with Silanna in California. It's just not credible."). The conclusion that PI's request for jurisdictional discovery was based only on a hunch is reinforced by statements in its motion for leave. *See, e.g.,* Dkt. 50 (motion for leave) at 4 (referring to purported communications between Penbrothers and Silanna "whether directly or through yet another secret, unidentified agent").

As the Court further explained in the dismissal order, even if PI's "hunch" was correct that Penbrothers had communications with Silanna in California, under *Hudnall* and related authority, such communications ordinarily do not qualify as purposeful activity subjecting an out-of-state defendant to personal jurisdiction in California. Dkt. 49 (dismissal order) at 7.

Under these circumstances, the Court exercised its "broad discretion" to deny jurisdictional discovery, explaining that denial of discovery is not an abuse of discretion "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction, or when the request for discovery is based on little more than a hunch that it might yield facts relevant to jurisdiction." Dkt. 49 (dismissal order) at 7 (citing *Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, No. 13-CF-01180-BLF, 2015 WL 4755335, at *11 (N.D. Cal. Aug. 11, 2015)).

Nor is PI's argument that it did not have an opportunity to address *Hudnall* or *Peterson* well-taken. Although it did not address those cases specifically, PI argued in its opposition brief and at oral argument that it should be permitted to conduct discovery into Penbrothers' communications with Silanna. *See, e.g.,* Dkt. 33 (opposition) at 7 n.4 (requesting opportunity to take jurisdictional discovery, arguing that evidence submitted by Penbrothers is "conspicuously silent on Penbrothers' communications with Silanna"); Dkt. 45 (transcript of Oct. 30, 2019 hearing) at 21:2-14 (arguing that there is an inference that there must be communication between Penbrothers and Silanna California and requesting jurisdictional discovery if more is needed).

3

This is the same argument PI repeats in its motion for leave. Dkt. 50 (motion for leave) at 4-5 (arguing that PI should be permitted to conduct discovery into nature and extent of Penbrothers' communications with Silanna).

For similar reasons, the Court also rejects PI's argument that the dismissal order did not take into account allegations in the First Amended Complaint about the alleged conspiracy between Penbrothers and Silanna to secretly raid the engineers of PI to work for Silanna in California. PI argues that the allegations of its complaint give rise to a "strong inference" that Penbrothers knew that the effect of the alleged raid was directed to and would be felt in California. But as the Court noted in the dismissal order, the FAC is silent as to where most of the acts in this case, including those giving rise to the alleged conspiracy between Penbrothers and Silanna, occurred. Dkt. 49 (dismissal order) at 6. PI argues that the Court can "infer" from the allegations of the FAC that the effect of the alleged conspiracy was directed to and would be felt in California. To the extent this argument repeats PI's argument that discovery might reveal communications between Penbrothers and Silanna in California, the Court rejects that argument for the reasons set forth in the dismissal order and above. To the extent PI's argument is that personal jurisdiction over Penbrothers can be premised on the fact that Penbrothers might have foreseen an effect on PI in California, that improperly repeats arguments that PI made and the Court rejected in connection with the motion to dismiss. *See, e.g.,* Dkt. 33 at 5-6 (arguing that "jurisdiction may attach if the defendant's conduct is aimed at or has an effect in the forum state") (citation omitted); Dkt. 49 (dismissal order) at 5-7 (discussing "effects test," and concluding that the relationship between the defendant and the forum must arise out of contacts that the defendant himself created, and the plaintiff cannot be the only link between the defendant and the forum).

In sum, the arguments raised in PI's motion for leave were all presented and considered in connection with Penbrothers' motion to dismiss. Accordingly, PI has not demonstrated that there is now a "material difference in fact or law … from that which was presented to the Court before entry of the interlocutory order"; that new material facts have emerged or a change of law has

////

////

4

occurred; or that the Court failed to consider material facts or dispositive legal arguments that were presented to it. Civil L.R. 7-9(b). Accordingly, the motion for leave to file a motion for reconsideration is DENIED.

**SO ORDERED.**

Dated: December 3, 2019

_Susan van Keulen_
SUSAN VAN KEULEN
United States Magistrate Judge